[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: DEFENDANT'S MOTION TO STRIKE (#119)
On remand from the Supreme Court,[1] the defendant, Town of Groton, now moves to strike the plaintiff's amended complaint.
The facts of the case are familiar, and this court adopts the statement of facts as set forth by the Supreme Court. "[T]he plaintiff owns land with a building, other structures and improvements in Groton. The building is more than twenty years old and was used as a car repair garage and gasoline service station since before the area was zoned residential by the defendant town. Three underground gasoline storage tanks are also located on the property. The car repair use of the building was abandoned in 1979. The remainder of the building continues to be used to sell gasoline and, to a limited extent, snacks and sundries.
"To comply with environmental laws and regulations, the plaintiff's property requires substantial upgrading. To offset the costs of these improvements, the plaintiff applied to the [defendant's] zoning board of appeals for a variance to the zoning regulations so that the [existing] nonconforming use of the property could be expanded to include a convenience store, as well as the existing gasoline service station. The [board] denied the plaintiff's application after a hearing. The plaintiff appealed the board's decision regarding its variance application to the Superior Court."[2] (Internal quotation marks omitted.)Cumberland Farms. Inc. v. Groton, 247 Conn. 196, 198, ___ A.2d ___ (1998).
While the administrative appeal was pending, "[o]n September CT Page 3341 5, 1996, the plaintiff filed [a separate] amended complaint, claiming inverse condemnation of the property and seeking damages and other compensation, pursuant to the fifth andfourteenth amendments to the United States constitution, as well as article first, § 11 of the Connecticut constitution." Id., 199. "In its inverse condemnation action, the plaintiff seeks compensation for an alleged taking of its property without just compensation. . . . Specifically, the plaintiff maintains that the board's denial, pursuant to the defendant's zoning regulations, of the variance application operated to deprive the plaintiff of any economically feasible, reasonable use of its property." Id., 202.
"[T]he plaintiff seeks compensation for lost profits and opportunities occasioned by the alleged unconstitutional taking." Id., 212.
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaints . . . to state a claim upon which relief can be granted. . . . [W]e must take as true the facts alleged in the plaintiff's complaint and must construe the complaint in the manner most favorable to sustaining its legal sufficiency. . . . If facts provable in the complaint would support a cause of action, the motion to strike must be denied." (Citations omitted; internal quotation marks omitted.) Peter-Michael Inc. v. Sea Shell Associates,244 Conn. 269, 270-71, 709 A.2d 558 (1998).
As grounds for its motion to strike, the defendant asserts that the complaint, as a whole, fails to state a claim upon which relief can be granted. In support of its motion, the defendant argues that the plaintiff fails to allege that the defendant's zoning regulations, as applied to the plaintiff's property, prevent the plaintiff from making "any use or a feasible use of the property." Defendant's Motion to Strike, p. 2. Rather, the defendant argues, the plaintiff alleges that state environmental regulations force the plaintiff to incur greater expenses, and the present use will not allow the plaintiff to recover or offset those costs. The defendant also argues that the plaintiff's allegations amount to legal conclusions.
The plaintiff counters in response that its allegations are factual, not legal conclusions. In addition, the plaintiff contends that the complaint clearly alleges that it is the defendant's, not the State's, regulations, which prevent the CT Page 3342 plaintiff from making any reasonable use of its property. The plaintiff claims that landowners are not limited to using their property in its natural state.
"[A] regulatory taking, also known as inverse condemnation, occurs when the purpose of government regulation and its economic effect on the property owner render the regulation substantially equivalent to an eminent domain proceeding and, therefore, require the government to pay compensation to the property owner." (Citations omitted; internal quotation marks omitted.)Cohen v. Hartford, 244 Conn. 206, 220, 710 A.2d 746 (1998). "[W]e are mindful that the difference between a regulation that results in a compensable taking and one that does not generally is a matter of degree. . . . [I]f a regulation results in something less than a practical confiscation, the determination of whether a taking has occurred must be made on the facts of each case with consideration being given not only to the degree of diminution in the value of the land but also to the nature and degree of public harm to be prevented and to the alternatives available to the landowner. . . . The financial effect on a particular owner must be balanced against the health, safety and welfare of the community." (Citations omitted; internal quotation marks omitted; emphasis added.) Id., 220-21. "The financial burden imposed on a landowner by a regulation is measured by the extent to which the regulation interferes with the property owner's reasonable investment-backed expectations of the property. . . . A regulation does not constitute a compensable taking if it does not infringe on such reasonable investment backed expectations." (Citation omitted.) Bauer v. Waste Management of Connecticut, Inc.,234 Conn. 221, 257, 662 A.2d 1179 (1995).
"[T]here is no taking in a constitutional sense unless the property cannot be utilized for any reasonable and proper purpose . . . as where the economic utilization of the land is, for all practical purposes, destroyed. . . . A constitutional taking occurs where there is a substantial interference with private property which destroys or nullifies its value or by which the owner's right to its use or enjoyment is in a substantial degree abridged or destroyed." (Citations omitted; internal quotation marks omitted.) Tamm v. Burns, 222 Conn. 280, 284, 610 A.2d 590
(1992). "Whether . . . plaintiffs' land [is rendered] unusable for any reasonable and proper purpose and whether the economic utilization of the land is, for all practical purposes destroyed, . . . is a factual question inappropriate for resolution on a [Rule 12(b)(6)] motion to dismiss [for failure to state a CT Page 3343 claim upon which relief can be granted]."[3] (Citation omitted; internal quotation marks omitted.) Albahary v. Bristol,963 F. Sup. 150, 153-54 (D. Conn. 1997, Arterton, J.).
In the present case, the plaintiff alleges that "[t]he actions of the defendant Town, through its land-use regulatory agencies and officials, have left the plaintiff without any economically viable and reasonable use of the Property and have destroyed the plaintiff's reasonable economic expectations regarding the use of the Property." Amended Complaint ¶ 14. In addition, when reversing the court's, Hurley, J., dismissal of plaintiff's action, the Supreme Court noted, "While we recognize that the [zoning] board's action does not render the plaintiff's property unfit for any use, theplaintiff has alleged that the action renders the property unfitfor any economically feasible use. . . . We accept as true [when ruling on a motion to dismiss] that the board's denial of the variance . . . has left the plaintiff without any reasonable use of its property. . . ." (Emphasis added.) Cumberland Farms Inc. v.Groton, supra, 247 Conn. 218 n. 15.
In support of this allegation, the plaintiff alleges that the defendant's zoning regulations prevent it from using the property in a manner that "would allow an economic return sufficient to offset the anticipated costs of more than $300,000 to upgrade and alter the Property [in accordance with legal requirements]." Amended Complaint Par; 9, 11. In addition, the plaintiff alleges that the only use of the property which would produce an economically feasible operation of the property is a use that is prohibited by the defendant's existing zoning regulations. Amended Complaint ¶ 11-13. The plaintiff further alleges that it properly applied for a variance to the defendant's regulations, which was denied by the defendant's zoning board of appeals. Amended Complaint ¶ 13.
This court finds that the plaintiff's foregoing allegations are legally sufficient to state a cause of action for inverse condemnation. The plaintiff has alleged facts which indicate that the defendant's zoning regulations have left the plaintiff "without any economically viable and reasonable use of the Property and have destroyed the plaintiff's reasonable economic expectations regarding the use of the Property." See Amended Complaint ¶ 14. It would be inappropriate at this stage for the court to inquire into the underlying truth or validity of the plaintiff's allegations. As the Supreme Court has recently accepted "as true that the board's denial of the variance . . . has left the CT Page 3344 plaintiff without any reasonable use of its property;"Cumberland Farms. Inc. v. Groton, supra, 247 Conn. 218
n. 15; this court must also accept the same allegations as true when ruling on a motion to strike. See Peter-Michael. Inc. v. SeaShell Associates, supra, 244 Conn. 270-71; see alsoAlbahary v. Bristol, supra, 963 F. Sup. 153-54.
The plaintiff's complaint alleges legally sufficient facts to state a cause of action for inverse condemnation. Accordingly, the defendant's motion to strike is denied.
Martin, J.